Filed 10/9/25  P. v. Vasquez-Collazos CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064434 |
| v. | (Super. Ct. No. 16WF2497) |
| OLGA VASQUEZ-COLLAZOS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge. Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

\*          \*          \*

On August 13, 2020, an amended information was filed charging Vasquez-Collazos and co-defendant Roberto Saavedra with murder (count 1; Penal Code § 187, subd. (a)),[1] and conspiracy to commit murder (count 2; § 182, subd. (a)(1)). The gist of the information was that Vasquez-Collazos conspired with a lover to murder her husband. The information further alleged as to both defendants that the murder was committed for financial gain. (§ 190.2, subd. (a)(1).)

On June 29, 2021, the jury returned guilty verdicts on both counts. But it returned a not true finding on the special circumstances allegation that Vasquez-Collazos committed the murder for financial gain. She was sentenced to 25 years to life in prison.

We affirmed the judgment in 2022. (See *People v. Vasquez-Collazos* (Nov. 10, 2022, G060525) [unpub. opn.].)

On March 4, 2024, Vasquez-Collazos filed a petition alleging she was eligible for relief under section 1172.6.

The trial court denied the petition in a written decision, stating that appellant was ineligible for relief because the amended murder laws became effective after she was charged, the jury was not instructed on felony murder or the natural and probable consequences doctrine, and the convictions for murder and conspiracy to commit murder required the jury to find that appellant harbored malice.

Vasquez-Collazos timely appealed.

Vasquez-Collazos's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 to inform the court that counsel

---

[1] All statutory references are to the Penal Code.

had found no arguable issues and to request that we exercise our discretion to conduct an independent review of the record.

Afterward, Vasquez-Collazos filed a supplemental brief raising three issues. However, none of the issues she raises fall within the scope of this appeal. She contends she did not commit the murder, that there was insufficient evidence of malice, and that she received ineffective assistance of counsel in her prior appeal. None of those issues relate to the court's order denying resentencing under section 1172.6. The sufficiency of the evidence claims needed to be raised in the prior appeal, and the ineffective assistance claim must be raised in a verified petition for habeas corpus. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Based on our independent review of the record, we find no error. Vasquez-Collazos admitted in her supplemental brief that the jury was not instructed on felony murder or the natural and probable consequences doctrine. Thus, the jury's verdict necessarily included a finding that she harbored malice. This factor, combined with the fact that her conviction occurred after the effective date of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437; Stats. 2018, ch. 1015)), which enacted the changes to implied malice, means she is ineligible for relief under section 1172.6. Thus, the court did not err in denying her resentencing petition.

## DISPOSITION

The postjudgment order denying Vasquez-Collazos's petition for resentencing is affirmed.

SANCHEZ, J.

WE CONCUR:

MOORE, ACTING P. J.

GOODING, J.